# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3884NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Northern District |
| | * | of Iowa. |
| Jesus Navarro, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000

Filed: July 17, 2000

_____

Before RICHARD S. ARNOLD and HEANEY, Circuit Judges, and MAGNUSON,[1]
   District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

The defendant appeals the District Court's[2] denial of his motion to depart downward from the Sentencing Guidelines.  He argues that the decision not to depart

_____

[1]The Hon. Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[2]The Hon. Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

subjected him to harsher punishment simply because of his alienage, and that his case is reviewable on appeal because (1) the Court based its denial of departure on a clearly erroneous factual finding; and (2) because the Court's decision has an unconstitutional effect. We disagree and dismiss this appeal.

## I.

The defendant is a citizen of Mexico who entered the United States illegally in 1988 and has lived in Arizona since that time. From 1996 to 1998, the defendant was engaged in a drug-related conspiracy and was responsible for selling approximately 74 kilograms of marijuana in Iowa. A grand jury indicted the defendant with four other people in a four-count indictment. The defendant was named in two of the four counts – conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. The defendant was arraigned on the indictment, and he entered guilty pleas to both counts in which he was named.

At sentencing, the parties agreed that the defendant's offense level was 25, that the criminal history category was 1, and that the Guidelines sentencing range was 57-71 months imprisonment. The Court imposed a 57-month sentence, the bottom of the Guidelines range, followed by three years of supervised release.

The defendant sought a downward departure based on his status as an alien subject to deportation, a status that made him ineligible to be incarcerated in a minimum security prison or serve the final portion of his sentence in a community corrections center. He argued that such ineligibility subjected him to harsher conditions of confinement solely because of his status as a deportable alien, a circumstance which, he says, would justify an offset in his sentence. The defendant maintained that the detriment of deportation outweighed any benefit he might derive from avoiding the supervised-release portion of his sentence after he is deported. He also argued that he

would not be able to have his sentence reduced for successful completion of a drug-awareness program, that deportation would not permit him to reside in the United States with his family, and that his family would be required to relocate.

The District Court found that the defendant was a deportable alien who was ineligible for confinement in a minimum-security prison or in community confinement during the last ten per cent. of his sentence. The Court considered the benefits and detriments of the defendant's case and found that there was some benefit to being a deportable alien, because the defendant would not have to serve the supervised-release portion of his sentence after deportation. The Court concluded that the defendant's case did not fall outside the heartland of the Sentencing Guidelines and denied the defendant's motion for a departure. The Court took this action after stating that it had the legal authority to depart. It simply chose not to use this authority.

## II.

The defendant appeals the District Court's decision not to depart downward from the Sentencing Guidelines, arguing that the Court should have granted a departure to offset what he characterizes as the alienage-based increased severity of his sentence. The defendant maintains that the District Court's denial of his departure motion is reviewable for two reasons. First, he argues that the Court's decision not to depart was based on the erroneous factual finding that he would derive sufficient benefit from not having to serve the supervised-release portion of his sentence after deportation to outweigh the more onerous conditions of confinement. He contends that this finding is clearly erroneous because deportation does not terminate supervised release, which remains in force until discharged. Instead, deportation results in a more restrictive condition of supervision, rather than a benefit, because his possible return to the United States after deportation would require him to report to a probation officer and would subject him to arrest and a felony charge. Second, he argues that the District Court's decision not to depart had the unconstitutional effect of subjecting him to harsher

conditions of confinement simply because of his alienage, in violation of his right to due process.

As an initial matter, "a discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive," or absent a "court's legally erroneous determination that it lacked authority to consider a particular mitigating factor." United States v. Saelee, 123 F. 3d 1024, 1025 (8th Cir. 1997), citing United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997). There is no indication, nor does the defendant argue, that the Court believed it was without the authority to deny the departure. In fact, the defendant states that "the judge . . . agreed that he had the authority to make such a departure." Appellant's Brief 4. Moreover, the defendant also "does not assert that the trial judge had an unconstitutional motive," nor does the defendant believe that the Court "purposefully impose[d] a harsher sentence because Navarro is an alien." Appellant's Brief 11.

The defendant asserts, and we agree, that we would have the authority to review a refusal to depart downward if, for example, such an action were based upon a defendant's race or sex. In that event, the sentence would have been imposed in violation of law, see 18 U.S.C. §3742(a)(1). Nothing of the kind occurred here, however. Defendant entered this country illegally. Thereafter, he committed aggravated felonies. He is therefore concededly deportable as a matter of law. As a consequence of his deportability, he is considered a greater escape risk, and is therefore subjected to more onerous conditions of confinement. There is nothing unconstitutional or unfair about these consequences, all of which have followed upon the defendant's voluntary acts. We cannot agree that he is given a more onerous sentence solely on the basis of alienage. Congress has virtually plenary power over immigration matters, and it has the right to determine the conditions upon which noncitizens are allowed to remain in this country. If a violation of those conditions causes a prisoner, who has admittedly committed serious offenses, to be held more securely, the result is simply the permissible consequence of two things: the commission of the crimes and the

-4-

defendant's status under the immigration statutes. There is nothing unconstitutional about what the District Court did here.

Defendant also contends that the decision is reviewable because it was based on a clearly erroneous finding of fact. The District Court stated that the defendant's deportation would enable him to avoid the three years of supervised release, a benefit that, in the opinion of the Court, outweighed the detriment of having to leave this country. In our view, this comparison of two states of being is not properly characterized as a finding of fact. It is simply the District Court's discretionary weighing of the circumstances of defendant's case. Defendant says that if he ever returns he would have to serve the three years of supervised release, and no doubt this is true, but we do not see what difference this circumstance would make. If the defendant does return, his return would almost certainly be a separate crime in itself. That he would suffer the consequences of his earlier sentence, plus, in all likelihood, the consequences of his new crime, is no just cause for complaint.

In sum, the District Court in this case recognized its authority to depart downward and then chose, for permissible reasons, not to do so. Its exercise of discretion in making this choice is not reviewable.

The appeal is dismissed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.