# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3234

_____

United States of America,        *
                             *

      Appellee,        *

                             *    Appeal from the United States

    v.                *    District Court for the

                             *    Southern District of Iowa.

Jesus Solis-Chavez,        *

                             *       [UNPUBLISHED]

      Appellant.      *

_____

Submitted:  August 30, 2000
        Filed:   September 12, 2000

_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jesus Solis-Chavez, a Mexican citizen, pleaded guilty to illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2) (1999). The District Court[1] sentenced him to 86 months imprisonment and 3 years supervised release, and Solis-Chavez appeals. Appointed counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Solis-Chavez has not filed a supplemental brief.

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Counsel argues the District Court erred by not departing downward based on Solis-Chavez's arguments at sentencing that (1) he would be subject to disparate treatment in prison because he was an illegal alien, (2) he was culturally assimilated into the United States, and (3) his criminal history category overstated the seriousness of his past conduct. Counsel does not argue that the District Court believed it was without authority to depart, had an unconstitutional motive, or purposefully imposed a harsher sentence because Solis-Chavez was an alien. In fact, the District Court indicated that consideration of the first two grounds for departure led it to impose a lower sentence than it was otherwise inclined to do. See United States v. Navarro, 218 F.3d 895, 897-98 (8th Cir. 2000) (discretionary decision not to depart from the guidelines based on deportable-alien status was unreviewable on appeal absent unconstitutional motive or court's legally erroneous conclusion that it lacked authority to consider this ground as mitigating factor). The District Court specifically rejected the third ground for departure, noting Solis-Chavez had more than the minimum points required for Category VI, and his antisocial criminal behavior had occurred almost annually. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993) (this Court will not review sentencing court's decision not to depart downward for overstated criminal history when it was aware of its authority to do so). We thus find the District Court's refusal to depart to be an unreviewable exercise of discretion.

After conducting the record review required under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-