# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2242

_____

United States of America,             *
                                         *

            Appellee,           *
                                           *    Appeal from the United States

        v.                      *    District Court for the
                                           *    District of Nebraska.

Angel Albert Rodriguez,         *      [UNPUBLISHED]
                                           *

            Appellant.         *

_____

Submitted: December 12, 2001

Filed: January 11, 2002

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BATTEY,[1] District
Judge.

_____

PER CURIAM.

Angel Albert Rodriguez pled guilty to conspiracy to distribute
methamphetamine and to distribution of methamphetamine within 1000 feet of a
school. At sentencing, the district court[2] calculated his sentencing guidelines

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

[2]The Honorable Richard G. Kopf, Chief Judge, United States District Court for
the District of Nebraska.

imprisonment range to be 97-121 months. Rodriguez filed a motion for a downward departure based upon the disparate treatment of non-U.S. citizens within the Bureau of Prisons (BOP). Specifically, as a deportable alien, he cannot receive a one-year reduction of his prison time upon successful completion of a drug treatment program and is ineligible for release to a halfway house during the last six months of his prison sentence. The district court denied the motion and sentenced Rodriguez to 97 months' imprisonment. Rodriguez appeals, and we affirm.

A district court's refusal to depart downward is reviewable on appeal only if the district court was not aware of its authority to consider a downward departure. United States v. Knight, 58 F.3d 393, 398 (8th Cir. 1995). Here, the district court acknowledged the collateral consequences of the different circumstances flowing from the fact of alienage and concluded that those collateral consequences are not generally sufficient to justify a departure. We read the court's comments as an acknowledgment of its authority to grant a downward departure to someone in Rodriguez's circumstances and as its decision that no departure was warranted in Rodriguez's case. That discretionary decision is not subject to review. See, e.g., United States v. Bahena, 223 F.3d 797, 807 (8th Cir. 2000); United States v. Navarro, 218 F.3d 895, 897 (8th Cir. 2000).

Even if we were to review the district court's decision not to depart, we would conclude that no departure would be warranted here. In United States v. Lopez-Salas, 266 F.3d 842 (8th Cir. 2001), we held that courts may grant a downward departure based on the fact that a deportable alien is not eligible for early release, but only if there are "additional facts concerning the defendant's individual circumstances to make the particular case atypical or unusual." Id. at 848. We see nothing in the record that would support a finding that Rodriguez's case is atypical or unusual. Rodriguez relies solely on the disparate treatment common to all deportable aliens as the basis for his downward departure motion. Under our holding in Lopez-Salas, such a contention is insufficient to carry the day.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.