# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2621

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Richard Scott McAllen, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2003

Filed: April 7, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In 2000, Richard Scott McAllen pleaded guilty to federal weapons charges and was sentenced to twenty-seven months in prison. His plea agreement acknowledged that the government would seek an indictment on related drug charges at a later time. Prior to his release, the government filed the indictment in this case and McAllen subsequently entered an unconditional plea of guilty to one count of manufacturing and attempting to manufacture five grams or more of methamphetamine within 100 feet of a protected area. See 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846, 860 (2000). He now appeals his sentence on the methamphetamine charge.

McAllen urges that his Fifth Amendment Due Process rights were violated when the government waited some nineteen months following his arrest on the related weapons charges (to which he pleaded guilty) to file the indictment for the instant drug charges. He does not seek reversal of his conviction, nor could he because of his unconditional guilty plea. See United States v. Jennings, 12 F.3d 836, 839 (1994). Instead, he morphs his due-process argument into a sentencing issue. The delay in indicting him on the drug charges, he argues, prejudiced him because after he was sentenced on the federal weapons charge, his state probation was revoked (apparently for unrelated conduct), which added one point to his criminal history and moved him from category three to category four for purposes of sentencing on the methamphetamine charge. This single criminal-history point effectively increased his sentencing range from 78-97 months to 92-115 months. He was sentenced to ninety-two months in prison and given credit for the twenty-seven months he already had served. McAllen contends that the increase in his sentence was sufficiently prejudicial to warrant a downward departure under U.S.S.G. § 5K2.0. McAllen, however, never made a motion asking the District Court[1] to depart downward and he therefore waived his claim for a downward departure. See United States v. Murphy, 248 F.3d 777, 779 (8th Cir. 2001). Even if McAllen had made a motion for a downward departure, a district court's discretionary decision not to grant a § 5K2.0 departure from the applicable guidelines sentencing range is unreviewable absent an allegation that the district court had an unconstitutional motive for refusing to depart or erroneously determined that it lacked the authority to depart. United States v. Lalley, 257 F.3d 751, 757 (8th Cir. 2001) (citing United States v. Navarro, 218 F.3d 895, 897 (8th Cir. 2000)). In any event, the prejudice alleged in this case is solely the result of the fact that McAllen violated the terms of his state probation, causing it to be revoked. In these circumstances, we can conceive of no reason for a district court

---

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa. Judge Melloy has since been appointed United States Circuit Judge for the Eighth Circuit and currently serves in that capacity.

to grant a downward departure under § 5K2.0, and we can see no due-process dimension to McAllen's claim for a downward departure.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.